IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02530-WJM-KLM

ALFONSO PACHECO,

    Plaintiff,

v.

RAE TIMME, Warden, Fremont Correctional Facility,
TOM CLEMENT, DOC Executive Director, and
ANTHONY A. DECESARO, Step 3 Grievance Officer,
    All in both their individual and official capacities,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Motion to Dismiss All Claims** [Docket No. 13; Filed December 30, 2011] ("the Motion"), filed by Defendants Rae Timme ("Timme"), Tom Clements ("Clements"), and Anthony A. Decesaro ("Decesaro"). Plaintiff filed a Response [#16] in opposition to the Motion on June 22, 2012. Defendants failed to timely file a Reply. The Motion is now ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.Colo.L.Civ.R. 72.1C.3, the Motion has been referred to this Court for recommendation [#14]. Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART and DENIED IN PART**.

### I. Backround

    Plaintiff, who proceeds in this matter *pro se*, is a prisoner with the Colorado

Department of Corrections ("CDOC"). *See Compl.* [#1] at 1-2. He brings this action against three Defendants: (1) Defendant Timme, the Warden of Fremont Correctional Facility ("FCF");[1] (2) Defendant Clements, the Executive Director of CDOC; and (3) Defendant Decesaro, the Step 3 Grievance Officer. *See id.* at 2.

Plaintiff initiated this 42 U.S.C. § 1983 action as a result of alleged events occurring at the FCF on April 5, 2011. *Id.* at 3. In short, he alleges that: (1) Defendants removed him from general population and placed him in orange-pants status;[2] (2) Defendants labeled Plaintiff as Non-Compliant for refusing to admit to being a sex offender and punished him for failing to participate in the Sex Offender Treatment and Monitoring Program ("SOTMP") by taking away four of his ten days of earned time credits, thereby removing the opportunity to shorten the length of his sentence; and (3) Defendants denied Plaintiff access to the inmate telephone, personal visits, adequate recreation, and the everyday privileges granted to general population inmates. *Id.* at 3.

Plaintiff seeks only injunctive relief in this matter: (1) a Federal investigation into CDOC's use of allocated Federal Funds; (2) enjoining CDOC from permitting future injury to Plaintiff from other inmates as a result of his sex offender classification; (3) restoring him

---

[1] Plaintiff mentions in his Response that he "seeks the Court's permission to amend his complaint to 'remove' FCF Warden Rae Timme, because she is no longer the acting Warden, and add Susan Jones, who is now the Fremont Correctional Facility[ ] Warden." *Response* [#16] at 1. Plaintiff does not include a proposed Amended Complaint for the Court's and Defendants' review. If Plaintiff is seeking leave to file an Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15(a) and 20(a), and which includes the proposed Amended Complaint as a document separate from the motion. Furthermore, Plaintiff must use the form complaint prescribed by this Court. D.C.COLO.LCivR 8.2A. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all defendants he intends to name in the proposed Amended Complaint.

[2] "Orange-pants status" refers to Plaintiff's status as a sex offender.

to general population with all privileges intact; (4) returning all earned time credits that have been taken from him as a result of his sex offender status; and (5) removing his name from all CDOC files labeling him a sex offender. *See id.* at 9-10.

Plaintiff asserts that his rights pursuant to the Fourteenth, Fifth, and Eighth Amendments have been violated. First, Plaintiff asserts that he filed all three steps of the CDOC grievance process. *Id.* at 4. Both Steps 1 and 2 of the process were denied and, when Plaintiff filed a Step 3 grievance, Defendant Decesaro allegedly refused to address it.[3] *Id.* Plaintiff asserts that this is a violation of the Fourteenth Amendment's guarantee of due process because CDOC's Administrative Regulation ("AR") 850-04 does not allow for any administrative appeal as to an AR 700-19 finding,[4] and the finding is not grieveable. *Id.* Plaintiff avers that the decision to classify him as a S-4 sex offender is entirely at the discretion of the Administrative Head.[5] *Id.*

In addition, Plaintiff alleges that he has never been convicted of a sex offense. *Id.* at 5. Plaintiff contends that he has been labeled as a sex offender in need of treatment in order to allow CDOC to receive federal funding for the SOTMP. *Id.* Therefore, he asserts that his constitutional rights under the Fourteenth Amendment have been violated. *Id.*

Second, Plaintiff avers that the classification which AR 700-19 imposes on him violates his Fifth Amendment right against self-incrimination, because under this regulation

---

[3] In connection with this allegation, Plaintiff mentions "Exhibit 1," but the document to which he refers does not appear on the electronic docket. *See Compl.* [#1] at 4.

[4] AR 700-19 promulgates procedures for the classification of inmates as sex offenders. *Motion* [#13] at 11.

[5] Plaintiff does not identify the Administrative Head by name and it is unclear whether he is referring to Defendant Clement, as CDOC Executive Director, or to some other person.

he is forced to admit to past behavior for which he was never criminally charged. *Id.* at 6.

Third, Plaintiff asserts that the CDOC's orange-pants status is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 7. Plaintiff contends that the orange pants are the sign of a sex offender, and they create a direct danger to him from other inmates, even though he was never convicted of any sex crime in a court of law. *Id.*

Defendants responded to Plaintiff's Complaint [#1] with the Motion [#13]. They assert that Plaintiff's claims against them should be dismissed for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See Motion* [#13] at 1. They aver that Plaintiff fails to state an actionable Fourteenth Amendment claim for due process because his assertion that he was labeled an S-4 sex offender without due process is false. *Id.* at 5. Defendants state that classification of inmates pursuant to AR 700-19, is not mandatory; thus, inmates classified as S-4 sex offenders are afforded the requisite due process. *Id.* at 6. In response to Plaintiff's claim that his sex offender classification is non-grievable, Defendants contend that Plaintiff should have filed a state court action under C.R.C.P. 106(a)(4). *Id.* at 7. Defendants also aver that because inmates are not entitled to remain in general population or entitled to the privileges that come with being a general population prisoner, Plaintiff has failed to state an actionable Fourteenth Amendment claim arising from his removal from general population and the revocation of certain privileges. *Id.* at 8-10.

Defendants also contend that Plaintiff's claim of self-incrimination should be dismissed. *Id.* at 11. Defendants state that the consequences resulting from Plaintiff's unwillingness to admit to prior wrongful sexual conduct fail to give rise to a Fifth

Amendment violation. *Id.* Defendants aver that Plaintiff "was left with a choice: take advantage of a benefit that the CDOC provided or turn down that benefit in order to avoid what he feared, perhaps legitimately, would be self-incriminating statements," a choice which "does not constitute compulsion." *Id.*

Finally, Defendants assert that Plaintiff's claim for relief arising from purported cruel and unusual punishment in violation of the Eighth Amendment should be dismissed. *Id.* at 12. Defendants aver that Plaintiff's claim falls short of satisfying an Eighth Amendment claim because he proffers vague and speculative allegations that his life and health are in danger as result of his orange-pants status. *Id.* at 14. Defendants state that Plaintiff does not allege any facts that render plausible that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Complaint [#1] and Response [#16], the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A. Fourteenth Amendment

Plaintiff claims that the CDOC's decision to place him in orange-pants status and classify him as a sex offender violates his due process rights. He bases this claim on the

allegations that he was inappropriately classified as a sex offender, that his sex offender classification is non-grievable, and that he was removed from the general population and had certain privileges revoked.

Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). While it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 229 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555–56. In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show the procedures utilized were inadequate under the circumstances. *Id.* at 1149.

The Constitution does not in itself create any liberty or property interest and therefore "[t]he Due Process clause standing alone confers no liberty interest in freedom from state action 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted). Rather, liberty interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). For prisoners, a liberty interest is only found in a "restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

### 1. Classification as a Sex Offender

An inmate has a protected liberty interest in not being labeled a sex offender and is entitled to due process before being so labeled. *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1243 (10th Cir. 2000). The procedural requirements for a sex offender classification decision are set forth in *Wolff*, *supra*. *Gwinn v. Awmiller*, 354 F.3d 1211,1219 (10th Cir. 2004); *see also Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). Those requirements are: notice of the charges, an opportunity to present witnesses and evidence in defense of the charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Gwinn*, 354 F.3d at 1219. Additionally, due process requires "some evidence" to support the decision and an impartial decisionmaker. *Wolff*, 418 U.S. at 592.

In support of his averment that he was denied due process before he was given orange-pants status, the only salient event mentioned by Plaintiff is that he refused to admit to the CDOC Mental Health Staff that he was a sex offender in need of treatment, as evidenced by his refusal to sign the SOTMP paperwork.[6] *See Compl.* [#1] at 4. Plaintiff therefore challenges the determination by Defendants to classify him as a sex offender.

In determining whether a factfinder's decision is supported by sufficient evidence, the Court need not conduct an "examination of the entire record, independent assessment

---

[6] Plaintiff also states that he was never convicted of a sex crime; regardless, an inmate who has not been convicted of a sex offense may still be classified as a sex offender if the prison provides him procedural due process. *Gwinn*, 354 F.3d at 1218–19.

-8-

of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). The decision can be upheld if the evidence supporting the decision is "meager." *Id.* at 457. Due process does not require that the evidence supporting a disciplinary charge be "overwhelming or unambiguous." *Starkweather v. Archuleta*, No. 06–cv–01289–WDM–BNB, 2008 WL 2323878, at *3 (D. Colo. June 4, 2008).

Here, Defendants have not directly asserted that a hearing was held at which evidence was presented from which they could find that Plaintiff should be classified as a sex offender. *See Motion* [#13] at 5. In addition, Plaintiff omits mention of any hearing in his Complaint; he merely states that when he refused to sign SOTMP paperwork, he was placed in orange-pants status. Based on these filings, the Court must find that Plaintiff has stated a claim for a due process violation, as there is a lack of evidence to support Plaintiff's classification as a sex offender. Accordingly, Plaintiff has stated a claim for a Fourteenth Amendment due process violation.

### 2. Appealability of Classification

Plaintiff also asserts that he was denied due process because there was no avenue for him to appeal his classification as a sex offender. *See Compl.* [#1] at 4-5. He states that the relevant Administrative Regulations do not permit an administrative appeal or a grievance process for classification as a sex offender. *See id.* at 4. Defendants do not deny these allegations. *See Motion* [#13] at 6-7. However, they aver that Colorado Rule of Civil Procedure ("C.R.C.P.") 106(a)(4) provides for the exclusive remedy for reviewing sex offender classification. *See id.* at 6.

Defendants are correct that Plaintiff could have filed a state court action pursuant to C.R.C.P. 106(a)(4). *See Vondra v. C.D.O.C.*, 226 P.3d 1165, 1167 (Colo. App. 2009) (stating that CDOC's "classification of an inmate as a sex offender is a quasi-judicial action subject to review under C.R.C.P. 106(a)(4)"). Plaintiff alleges no reason why he could not have appealed his classification as a sex offender in a state court action. Accordingly, his claim that he was denied due process because he was unable to appeal his classification as a sex offender fails.

### 3. Removal from Population and Revocation of Privileges

Plaintiff alleges that he was removed from the general population on April 5, 2011, a little less than six months before he filed his Complaint. *See Compl.* [#1] at 4. He further states that he was denied such privileges as access to the inmate telephone, personal visits, and adequate recreation. *See id.* at 3.

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections so long as prison officials have discretion to transfer him for whatever reason or for no reason at all."). Therefore, mere removal of a prisoner from general population does not, on its own, implicate a liberty interest. *See Sandin*, 515 U.S. at 484; *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Nonetheless, the duration and degree of removal may be so severe as to implicate the due process clause. *See Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006). However, the Tenth Circuit requires that district courts examine the conditions of confinement before they conclude whether such conditions impose an atypical and significant hardship on the inmate. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citation omitted). The Tenth Circuit has identified the following relevant factors to consider when determining whether removal from general population implicates a protected liberty interest: (1) whether "the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) [whether] the conditions of placement are extreme; (3) [whether] the placement increases the duration of confinement . . . ; and (4) [whether] the placement is indeterminate." *Estate of DiMarco v. Wyoming Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

With respect to his removal from general population, Plaintiff has failed to provide details which would lead the court to the conclusion that the prison conditions he endured imposed an "atypical and significant hardship." *See Sandin*, 515 U.S. at 484. Because Colorado inmates do not have a liberty interest in avoiding removal from general population, the mere duration of Plaintiff's confinement does not serve to create a liberty interest. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Further, at least three of the relevant factors set forth in *DiMarco* weigh against finding an enforceable liberty interest. Plaintiff has provided no allegations that his current conditions are atypical or extreme, that his removal alone increases the duration of his confinement, or that his removal from general population is permanent. *DiMarco*, 473 F.3d at 1342.

Likewise, Plaintiff's allegations of lack of access to the inmate telephone, personal

visits, adequate recreation, and other privileges fail to demonstrate any condition that is sufficiently atypical or significant in relation to the ordinary incidents of prison life to implicate a liberty interest. *See Sandin*, 515 U.S. at 484. In short, the Complaint is devoid of facts regarding the nature of Plaintiff's removal from general population that would be sufficient to suggest the sort of extreme conditions where courts have found the *Sandin* test to be met. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (finding that conditions at state Supermax facility imposed a significant and atypical hardship where: (1) all human contact was prohibited; (2) the lights were on 24 hours per day; (3) inmates could only exercise one hour per day in a small indoor room; (4) assignment was indefinite; and (5) inmates otherwise eligible for parole were disqualified).

Therefore, as to the alleged provision of inadequate process, because Plaintiff has failed to sufficiently allege the deprivation "of any liberty to which he was entitled, no particular process was constitutionally required." *Templeman*, 16 F.3d at 371.

### 4. Loss of Good-time Credits

With respect to the loss of Plaintiff's good-time credits, the Constitution does not guarantee good-time credits, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), and Plaintiff is not entitled to earn good-time credits pursuant to Colorado law, *Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994). Furthermore, good-time credits do not affect an inmate's release date, but rather only affect the date on which the inmate is considered for parole. *See Fultz v. Embry*, 158 F.3d 1101, 1103 (10th Cir. 1998). An inmate's release on parole is purely discretionary. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). Therefore, the deprivation of good-time credits does not unconstitutionally prolong an inmate's sentence or implicate a constitutional right. *See Wirsching v. Colorado*, 360 F.3d 1191,

1203–04 (10th Cir. 2004); *Templeman*, 16 F.3d at 370; *see also Lustgarden v. Gunter*, 779 F. Supp. 500, 503 (D. Colo. 1991) (noting that Colorado's statutory scheme regarding a sex offender's accrual of good-time credits does not create a liberty interest). Because Plaintiff has failed to allege the deprivation of a liberty interest, it is unnecessary to consider whether Plaintiff received the adequate level of process. *See Bunner v. Koch*, 08-cv-00171-WYD-KLM, 2009 WL 798550, at *12 (D. Colo. Jan. 30, 3009).

**B.   Fifth Amendment**

Plaintiff's second claim alleges that Defendants violated his Fifth Amendment right against self-incrimination by intentionally imposing sex offender conditions when he refused to admit to past sexual misconduct, even though he was never charged with such misconduct. *See Compl.* [# 1] at 6.

The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The United States Supreme Court has held that the Fifth Amendment privilege against self-incrimination is "to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment." *Malloy v. Hogan*, 378 U.S. 1, 10–11 (1964). The United States Supreme Court has further held that "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003).

Here, Plaintiff argues that he was placed in orange-pants status and removed from the general prison population because he refused to sign the SOTMP paperwork. *See Compl.* [#1] at 6. He argues that his right against self-incrimination was violated because

he was provided with two unattractive choices: admit to sexual misconduct by signing the SOTMP paperwork or be placed in orange-pants status and be denied certain privileges of prison life because of that status. *Id.* Plaintiff, however, has alleged no facts indicating that he was "compelled to be a witness against himself in a criminal case." *Chavez*, 538 U.S. at 770. Therefore, Plaintiff's claim pursuant to the Fifth Amendment fails as a matter of law. *See Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2012 WL 2523077, at \*6 (D. Colo. Jan. 19, 2012) (finding the same on similar facts).

**C.     Eighth Amendment**

Plaintiff claims that by classifying him as a sex offender, Defendants have violated his Eighth Amendment rights. *See Compl.* [# 1] at 7. Specifically, Plaintiff alleges that Defendants are using orange-pants status as a disciplinary measure and that by being labeled a sex offender, his life and well-being are in danger from other offenders who automatically target those in orange-pants status. *See id.* According to Plaintiff, Defendants' actions inflict suffering, grief, and mental distress on him because he is in "a situation fraught with danger." *Id.*

The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citation omitted). An Eighth Amendment claim has both an objective and subjective element. *Id.* The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, prison conditions may be "restrictive and even harsh" without a constitutional violation occurring. *Barney*, 143 F.3d at 1311 (citation omitted).

That is, "only those deprivations denying the minimal civilized measures of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal citation omitted). To satisfy this element, the inmate must allege facts showing a deprivation of "a single, identifiable human need such as food, warmth, or exercise . . . ." *Id.* at 304.

The subjective component is satisfied only if the "'[prison] official knows of and disregards an excessive risk to inmate health and safety.'" *Barney*, 143 F.3d at 1310 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "It is not enough to establish that the official should have known of the risk of harm." *Id.* Instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 838. When considering these components, the Court's inquiry turns not only on the severity of the alleged deprivation, but also on its duration. *See Barney*, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration.").

Plaintiff claims that labeling him a sex offender and requiring him to live in orange-pants status is cruel and unusual punishment. *See Compl.* [#1] at 7. However, losing certain privileges as the consequence of CDOC classification as a sex offender does not amount to cruel and unusual punishment. *See Gwinn*, 354 F.3d at 1228. To the extent that certain restrictions on prisoners are "restrictive or even harsh," they are often the natural consequences of crimes for which the prisoners were sentenced. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff alleges that his life and well-being are being placed in jeopardy by his sex

offender classification. *See Compl.* [# 1] at 7. Because Plaintiff has not identified any actual threats, this is not a valid Eighth Amendment claim. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir.1996). Plaintiff has not alleged any instances of threats, verbal harassment, or abuse, which could constitute an Eighth Amendment violation pursuant to 42 U.S.C. § 1983. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Abeyta v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996).

Plaintiff's sex offender status does not constitute cruel and unusual punishment. *See Quintana v. Doe*, No. 09-cv-00946-CMA-KLM, 2010 WL 2650047, at *7 (D. Colo. Apr. 14, 2010) (finding the same on similar facts). Therefore, Plaintiff's claim pursuant to the Eighth Amendment fails as a matter of law.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion [#13] be **GRANTED IN PART and DENIED IN PART**.

The Court further **RECOMMENDS** that Plaintiff's claims pursuant to the Fourteenth and Eighth Amendments be **DISMISSED WITHOUT PREJUDICE**, with the exception of Plaintiff's Fourteenth Amendment due process claim regarding the imposition of his classification as a sex offender.

The Court further **RECOMMENDS** that Plaintiff's claim pursuant to the Fifth Amendment be **DISMISSED WITH PREJUDICE**.[7]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

---

[7] *See Marotta v. Cortez*, No. 08-cv-00668-ZLW-KMT, 2009 WL 2009000, at *2 (D. Colo. July 9, 2009) (dismissing with prejudice a self-incrimination claim pursuant to the Fifth Amendment where the claim lacked legal merit and could not be rescued by amendment of the complaint).

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 1, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge