IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02530-WJM-KLM

ALFONSO PACHECO,

      Plaintiff,

v.

RAE TIMME, Warden, Fremont Correctional Facility,
TOM CLEMENT, DOC Executive Director, and
ANTHONY A. DeCESARO, Step 3 Grievance Officer, All in Both Their Individual and
      Official Capacities,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

---

Plaintiff Alfonso Pacheco brings the above-captioned action against Rae Timme, Tom Clement, and Anthony DeCesaro (collectively "Defendants") arising out of his classification as a sex offender during his incarceration at the Fremont Correctional Facility. (ECF No. 1.) Plaintiff alleges that Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id*.)

In lieu of an answer, Defendants filed a Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The Motion was referred to United States Magistrate Judge Kristen L. Mix. (ECF No. 14.) On August 1, 2012, Magistrate Judge Mix issued a Recommendation that Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 17.) Plaintiff filed timely Objections to the Recommendation. (ECF No. 19.)

For the reasons set forth below, the Magistrate Judge's Recommendation is adopted, Plaintiff's Objections are overruled, and Defendants' Motion to Dismiss is granted in part and denied in part.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n. 1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II.  ANALYSIS

After careful and thorough analysis, the Magistrate Judge recommended that the Motion be granted as to Plaintiff's claims under the Fifth Amendment and Eighth Amendment and that such claims be dismissed. (Rec. at 14-16.) The Magistrate Judge also recommended that Plaintiff's Fourteenth Amendment claims be dismissed to the extent they involved the right to appeal his classification as a sex offender, his removal from the regular prison population and revocation of privileges, and his loss of good time credits. (*Id*. at 9-13.) The Magistrate Judge recommended that the Motion be denied with respect to Plaintiff's claim for violation of the Fourteenth Amendment arising out of his classification as a sex offender. (*Id*. at 8-9.)

Plaintiff's Objection states that he is objecting to the dismissal of his Fifth and Eighth Amendment claims and his Fourteenth Amendment "Liberty Interest" claim. (Obj. at 1.) The Court will address these issues below.

A.  **Claims to Which Plaintiff Does Not Substantively Object**

As previously stated, Plaintiff professes to object to the Magistrate Judge's Recommendation that his Fifth Amendment claim and his Fourteenth Amendment "Liberty Interest" claim be dismissed. However, his Objection only substantively discusses his Eighth Amendment claim and one aspect of his Fourteenth Amendment claim—his claim that his classification as a sex offender violated his Due Process rights (which the Magistrate Judge recommends be allowed to proceed). In his Objection, Plaintiff fails to discuss his Fifth Amendment claim or his Fourteenth Amendment claim to the extent it relates to his ability to appeal his classification, his removal from the prison population and revocation of privileges, or his loss of good time credits.

With respect to the claims that Plaintiff fails to substantively address in his Objection, the Court need only review the Magistrate Judge's Recommendation for clear error. *See Strepka v. Sailors*, 494 F. Supp.2d 1209, 1230 (D. Colo. 2007) (citing *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.")) The Court has reviewed the Magistrate Judge's analyses and conclusions with respect to these claims and concludes that they are not clearly

erroneous.[1]

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim and his Fourteenth Amendment claim to the extent it arises out of Plaintiff's alleged inability to appeal his classification as a sex offender, his removal from the regular prison population and loss of privileges, and his loss of good time credits. Because the defect in the Fifth Amendment claim is not curable by amendment, the Court dismisses this claim with prejudice. *See Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997). Plaintiff's Fourteenth Amendment claims will be dismissed without prejudice. *See Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (court should dismiss claim without prejudice where it is possible that plaintiff could amend the complaint and state a claim).

**B.     Eighth Amendment Claim**

The Magistrate Judge recommended that Plaintiff's Eighth Amendment claim be dismissed because Plaintiff's "orange pants"[2] status does not constitute cruel and unusual punishment. (Rec. at 15-16.)

The Magistrate Judge first held that losing certain privileges as a consequence of being classified as a sex offender does not constitute cruel and unusual punishment. (*Id*. at 15.) Plaintiff does not object to this portion of the Magistrate Judge's analysis.

---

[1] Had the Court reviewed these issues *de novo*, it would have arrived at the same conclusion and dismissed Plaintiff's claims for the reasons stated by the Magistrate Judge in her Recommendation.

[2] Plaintiff is housed at the Fremont Correctional Facility where it is apparently the policy to require that inmates classified as sex offenders wear orange pants. (*See* ECF No. 19 at 2.)

The Magistrate Judge also found that Plaintiff's Complaint fails to specify any actual threat to his safety, verbal harassment, or abuse related to his "orange pants" status and, therefore, he failed to state a claim for a failure to protect Eighth Amendment violation. (Rec. at 16.) Plaintiff objects to this portion of the Recommendation and contends that the mere fact that he is forced to wear orange pants places him "in a precarious position". (Obj. at 6.) Plaintiff states: "The danger of being labeled a sex offender is implicit. No actual verbal threat is required." (*Id.*) Plaintiff also states that the Colorado Department of Corrections ("CDOC") has had three inmates killed at its Sterling facility "because they were labeled 'sex offenders'." (*Id.*)

The Court notes that none of the allegations mentioned in Plaintiff's Objection appear in his Complaint. (Compared ECF No. 19 to ECF No. 1.) In ruling on a Motion to Dismiss, the Court is permitted only to consider the allegations in Plaintiff's Complaint and any documents attached to the Complaint. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Therefore, the additional allegations contained in Plaintiff's Objection are not properly before the Court. However, the Court is mindful of Plaintiff's *pro se* status and will consider whether these additional allegations — coupled with the original allegations contained in his Complaint—state a claim for a violation of Plaintiff's Eighth Amendment rights.

In *Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996), the Tenth Circuit faced the issue of whether a prisoner had sufficiently alleged a threat to his safety based on his sex offender status. The prisoner in that case alleged that he was "exposed to adverse prison setting, constantly in fear of his life" due to threats of assault by other

6

inmates based on his sex offender status. *Id*. at 1205. The court found that the prisoner's allegations of harm were conclusory and showed only a subjective fear of harm. Absent real and substantial threats to his safety, the prisoner's allegations were insufficient to state a claim. *Id*. at 1205-06.

Under this standard, Plaintiff has failed to allege sufficient facts to state a claim for an Eighth Amendment violation. The fact that some inmates at another CDOC facility were harmed due to their status as a sex offender does not mean that Plaintiff is subjected to constant threats of violence at his facility based on his "orange pants" status. Plaintiff has failed to allege any specific threat to his personal safety, much less conditions that pose "a substantial risk of serious harm." *Riddle*, 83 F.3d at 1205. Accordingly, the Court finds that Plaintiff has failed to state a claim for an Eighth Amendment violation. The Court will dismiss this claim without prejudice because it is possible that Plaintiff could amend his allegations such that he could allege an Eighth Amendment violation. *See Staats*, 455 F. App'x at 818.

**C. Fourteenth Amendment Violation Related to His Classification as a Sex Offender**

The Magistrate Judge found that Plaintiff had stated a claim for deprivation of his Due Process rights because there was no evidence that Plaintiff was given notice and an opportunity to be heard before he was classified as a sex offender. (Rec. at 8-9.) She therefore recommends that Defendants' Motion be denied as to this claim. (*Id*. at 9.) Defendants have not objected to this—or any other—aspect of the Recommendation. Moreover, Plaintiff explicitly states that he is only objecting to the dismissal of his claims. (Obj. at 1.)

No party having objected to this portion of the Recommendation, the Court reviews the Magistrate Judge's analysis for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

The Court concludes that the Magistrate Judge's analysis is not clearly erroneous. Accordingly, the Court denies Defendants' Motion to Dismiss as it pertains to Plaintiff's Due Process claim arising out of his classification as a sex offender.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 17) is ADOPTED;
2. Defendants' Motion to Dismiss (ECF No. 13) is GRANTED IN PART and DENIED IN PART;
3. Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's Fifth Amendment claim and such claim is DISMISSED WITH PREJUDICE;
4. Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's Eighth Amendment claim and such claim is DISMISSED WITHOUT PREJUDICE;
5. Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's Fourteenth Amendment claims to the extent they challenge Plaintiff's ability to appeal his classification as a sex offender, his removal from the general prison population and resulting loss of privileges, and his loss of good time credits and such claims

>  are DISMISSED WITHOUT PREJUDICE; and

6. Defendants' Motion to Dismiss is DENIED with respect to Plaintiff's Fourteenth Amendment claim arising out of his classification as a sex offender.

Dated this 13th day of September, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge