IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02530-RM-KLM

ALFONSO PACHECO,

    Plaintiff,

v.

RAE TIMME, in her individual capacity,
LOU ARCHULETA, Warden, Fremont Correctional Facility, in his official capacity,
TOM CLEMENT, in his individual capacity,
ROGER WERHOLTZ, Interim Executive Director of the Colorado Department of Corrections, in his official capacity, and
ANTHONY A. DECESARO, Step 3 Grievance Officer, in his individual and official capacities,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion for Summary Judgment** [#46] (the "Motion"). Plaintiff, who is proceeding pro se, filed a Response [#48] on October 7, 2013. Defendants did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court [#47]. Having reviewed the entire case file and being sufficiently advised in the premises, the Court **RECOMMENDS** that the Motion [#46] be **GRANTED**.

### I. Summary of the Case

    Plaintiff is an inmate at the Colorado Department of Corrections' ("CDOC") Fremont Correctional Facility ("FCF"). *See Compl.* [#1] at 1-2. On September 28, 2011, Plaintiff

initiated this lawsuit pursuant to 42 U.S.C. § 1983 to address the circumstances surrounding his April 5, 2011 removal from the prison's general population and classification as a sex offender. *Id.* at 3. On December 30, 2011, Defendants filed a Motion to Dismiss All Claims [#13]. The Court dismissed all of Plaintiff's claims with the exception of his Fourteenth Amendment due process claim. *Order Adopting Magistrate Judge's Recommendation* [#22] at 8-9. Accordingly, Defendants' Motion only addresses Plaintiff's remaining claim for injunctive relief arising from his classification as a sex offender. *Motion* [#46] at 2.

On September 8, 2004, Plaintiff pled guilty to Second Degree Aggravated Motor Vehicle Theft. *Defs.' Ex. 1, Presentence Report* [#46-1]. Plaintiff was sentenced to CDOC for two years. *Defs.' Ex. 2, Admission Data Summary* [#46-2]. Plaintiff completed a diagnostic assessment in September 2005. *Defs.' Ex. 3, Diagnostic Narrative Summary* [#46-3]. Plaintiff received an "S-4 T" rating. *Defs.' Ex. 4, Lander Aff.* [#46-4] ¶ 5. The "S-4 T" rating was for a category of "'Sexual Adjustment,' [and] initially establish[ed] a sexual needs classification code for [Plaintiff]." *Id.* This initial rating was based on Plaintiff's prior arrest in 2003 for sexual assault on a child, notwithstanding the fact that the arrest was not prosecuted. *Id.*; *Defs.' Ex. 5, Northglenn Arrest Report* [#46-5]. CDOC "offer[s] the opportunity for an administrative review to any offender who has never been convicted of a sex offense . . . but has a history of sexually violent or abusive behavior . . . ." *Defs.' Ex. 6, Notice of Right to an Administrative Review* [#46-6] at 1. Plaintiff had notice of this right, *id.*, and on December 29, 2005, filed an Administrative Review Request Form. *Defs.' Ex. 7, Administrative Review Request Form* [#46-7]. In his request, Plaintiff disagreed that he had a sexually violent past and indicated his intent to call witnesses, obtain relevant

documents, and receive special assistance due to his claim that he could not read well. *Id.* CDOC granted Plaintiff's request for an administrative review and scheduled the hearing for February 1, 2006. *Defs.' Ex. 8, Notice of Administrative Review* [#46-8]. Plaintiff's administrative review took place as scheduled, and Plaintiff was afforded the opportunity to present witnesses and evidence. *Ex. 4* [#46-4] ¶ 8. The review panel's three members concluded that Plaintiff would be classified as a sex offender because of the evidence contained in the Northglenn police report, because the panel believed that Plaintiff's behavior might pose a threat to public safety upon his release, and because Plaintiff had not sufficiently refuted the evidence or allegations from the police report. *Defs.' Ex. 9, Disposition of Administrative Review* [#46-9]; *Ex. 4* [#46-4] ¶ 9. Plaintiff was informed of the panel's decision on February 7, 2006, but refused to acknowledge or sign the Disposition of Administrative Review form. *Ex. 9* [#46-9]; *Ex. 4* [#46-4] ¶ 10. Plaintiff did not appeal his classification as a sex offender by filing a proceeding under Colorado Rule of Civil Procedure 106(a)(4) in state court. *Defs.' Ex. 10, ICCES Summary of Civil Cases* [#46-10].

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [the] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's filings, the Court is mindful that it must construe the

filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As an additional preliminary matter, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). To this end, the Court notes the well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, courts should interfere with the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 268-70 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d

at 269 (citations omitted).

### III.  Analysis

Defendants assert that *Heck v. Humphrey* and the absence of a genuine issue of material fact on the merits of Plaintiff's claim prevent Plaintiff from bringing this suit. *Motion* [#46] at 5-7, 9. Specifically, the Motion first contends that *Heck* and *Edwards v. Balisok* bar Plaintiff from bringing a claim under section 1983. *Motion* [#46] at 9. The Supreme Court in *Heck* held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the judgment would imply the invalidity of a conviction or sentence, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" through other proceedings. *Id.* In *Edwards*, the Supreme Court expanded *Heck* to include prison disciplinary convictions as well. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Mariani v. Stommel*, No. 05-cv-01406-WDM-MEH, 2006 WL 2598006, at *5 (D. Colo. Aug. 11, 2006).

To demonstrate that a conviction or sentence has been invalidated, *Heck* explained that a plaintiff could prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Ultimately, in order to bring a section 1983 action for damages, a prisoner-plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Mariani*, 2006 WL 2598006, at *6 (quoting *Muhammed*

*v. Close*, 540 U.S. 749, 751 (2004) (emphasis added)).

Furthermore, when an inmate's classification as a sex offender implicates his good time credits or his liberty interest as protected by the Due Process Clause, *see Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000), the inmate is entitled to the following procedural protections: "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."[1] *Fistell v. Neet*, 125 F. App'x 219, 224 (10th Cir. 2005) (quoting *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004)). If Plaintiff's section 1983 action is to survive, Plaintiff must prove that he was either denied due process pursuant to *Fistell* and *Chambers*, or that he succeeded in invalidating his sex offender classification. *See Heck*, 512 U.S. at 487; *Fistell*, 125 F. App'x at 224; *Chambers*, 205 F.3d at 1242; *Hampton v. Marton*, 141 F.3d 1184, 1998 WL 133808, at *1 (10th Cir. Mar. 25, 1998).

**A.    *Heck v. Humphrey***

Defendants rely on *Heck* and *Edwards* to assert that Plaintiff's claim for deprivation of liberty due to his lost good time credits cannot stand because Plaintiff never undertook additional proceedings to invalidate his classification as a sex offender. *Motion* [#46] at 9. Defendants attach a print-out from the Integrated Colorado Courts E-Filing System ("ICCES") showing that Plaintiff never initiated judicial proceedings following his sex offender classification. *Ex. 10* [#46-10]. Plaintiff's Response [#48] makes no reference to

---

[1] For the purposes of this discussion, the Court assumes, arguendo, that Plaintiff has a liberty interest protected by the Due Process Clause. *See Chambers*, 205 F.3d at 1242. However, even with this higher standard, the Court finds that Defendants have not violated Plaintiff's due process rights, as discussed below in Section III.B.

post-classification judicial or administrative proceedings, and in no way addresses or rebuts Defendants' evidentiary support. *Response* [#48] ¶¶ 1-7. The ICCES report is unrebutted evidence that Plaintiff's sex offender classification was never invalidated "on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Ex. 10* [#46-10]; *Heck*, 512 U.S. at 487.

However, for *Heck* and *Edwards* to apply, prison officials must have taken an action against a prisoner that implicated the prisoner's conviction, imprisonment, or duration of confinement. *Muhammed*, 540 U.S. at 751. Although Plaintiff's Complaint states that he was deprived of good time credits, *Compl.* [#1] at 3, the Complaint cannot be used as evidence on Defendants' Motion for Summary Judgment.[2]  Furthermore, because Defendants have not provided any evidence demonstrating that Plaintiff's conviction, imprisonment, or duration of confinement was implicated by the loss of good time credits

---

[2] Often, a complaint submitted by a pro se litigant may be treated as an affidavit and used as evidence on summary judgment if the complaint is sworn, dated, and signed under penalty of perjury pursuant to 28 U.S.C. § 1746. *See, e.g.*, *Chytka v. Wright Tree Serv., Inc.*, No. 11-cv-00968-REB-KLM, 2012 WL 7151207, at *1 n.3 (D. Colo. Nov. 13, 2012). Here, however, although Plaintiff signed his Complaint [#1], he did not date it as required by 28 U.S.C. § 1746. The Court is not obligated to treat an incomplete "declaration" as an affidavit for purposes of establishing factual disputes in opposition to a summary judgment motion. *Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995) ("Unsworn affidavits do not raise factual issues precluding summary judgment." (citation omitted)); *see also Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 n.1 (10th Cir. 1994) (noting that unsworn affidavits may be used in summary judgment proceedings, but only if they comply with the requirements of 28 U.S.C. § 1746 and are signed under penalty of perjury). The Court therefore finds that the "declaration" is not an affidavit for the purposes of resolving the summary judgment motion. *See Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462 (D. Colo. 1997) (holding that unsworn witness statement was not competent evidence for consideration in ruling on summary judgment motion); 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738, at 362-65, 372-74 (1998) (recognizing that affidavits which do not meet the requirements of Fed. R. Civ. P. 56(e) should not be given any probative force and are subject to being stricken). Accordingly, the Court does not consider Plaintiff's defective "affidavit" herein.

or otherwise, see Motion [#46] at 2-4, Heck and Edwards are inapplicable. Muhammed, 540 U.S. at 751.

**B.     Procedural Due Process**

Defendants' Motion also asserts that Plaintiff's claim must fail because he was afforded appropriate process in compliance with the Fourteenth Amendment's Due Process Clause. Motion [#46] at 5-7. In support of that proposition, Defendants contend that it is undisputed that Plaintiff "had the opportunity to present witnesses and evidence" at his administrative review. Motion [#46] at 3. Specifically, Defendants cite the affidavit of James Lander, which they aver demonstrates that Plaintiff was afforded proper due process. Ex. 4 [#46-4] ¶¶ 7-8, 10. Additionally, Defendants provide the Court with the Notice of Right to an Administrative Review, Administrative Review Request Form, Notice of Administrative Review, and the Disposition of Administrative Review. See Ex. 6-9 [#46-6 - #46-9].

The Court determines that such evidence is sufficient to carry Defendants' summary judgement burden because it supports the conclusion that Defendants undertook the proper procedural steps and provided Plaintiff with adequate due process. Id.; see Anderson, 477 U.S. at 248; Chambers, 205 F.3d at 1242. Mr. Lander's affidavit and the administrative review documents demonstrate that Plaintiff was afforded "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Fistell, 125 F. App'x at 224. Although Plaintiff states that upon his reincarceration in 2009 he was denied a second administrative review hearing in violation of his due process rights, Plaintiff does not attach any documentation or provide any

evidentiary support for this assertion. *See Response* [#48] ¶ 4. Moreover, the only legal authority cited by Plaintiff to support his contention that he was entitled to a second administrative review hearing is inapposite, *see id.* at 2 (citing *Mariani*, 2006 WL 2598006), and the Court has found no other case that supports Plaintiff's statement of the law. Therefore, Plaintiff fails to meet his summary judgment burden of going beyond mere allegations and denials to presenting sufficient evidence to support his claim. *See Anderson*, 477 U.S. at 248; *Adickes*, 398 U.S. at 157. Accordingly, because the Court concludes that there is no genuine issue of material fact as to whether Plaintiff was afforded due process, Defendants are entitled to summary judgment.[3] *See* Fed. R. Civ. P. 56(c).

## IV. Conclusion

Therefore, and for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#46] be **GRANTED** and that judgment be entered in favor of Defendants.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

---

[3] The Court need not address any other arguments raised by Defendants at this time.

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

 Dated November 26, 2013

                BY THE COURT:

                */s/ Kristen L. Mix*

                Kristen L. Mix
                United States Magistrate Judge